_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00644-FWS-DFM                          Date: May 13, 2026
Title: Tomas Osorio v. Nordstrom Inc.

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

   Rolls Royce Paschal                                         N/A
   Deputy Clerk                                                Court Reporter

Attorneys Present for Plaintiff:                    Attorneys Present for Defendant:

   Not Present                                             Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [18] AND DENYING AS MOOT DEFENDANT'S MOTION TO STAY CASE [6]**

In this case, Plaintiff Tomas Osorio brings one claim for civil penalties under the Private Attorneys' General Act ("PAGA") against Defendant Nordstrom Inc. (Dkt. 1 ("Complaint" or "Compl.") ¶¶ 36-60.) Before the court are two motions: (1) Plaintiff's Motion to Remand, (Dkt. 18 ("Motion to Remand" or "MTR")), and (2) Defendant's Motion to Stay, (Dkt. 6 ("Motion to Stay")). These matters are fully briefed. (Dkts. 7, 16, 17, 20, 21.) The court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearing** set for **May 21, 2026**, (Dkt. 19), is **VACATED** and **OFF CALENDAR**. Based on the record, as applied to the relevant law, the Motion to Remand is **GRANTED** and Motion to Stay is **DENIED AS MOOT**.

## I.     Background

On February 2, 2026, the court granted Defendant's Motion to Compel Arbitration in *Tomas Osorio v. Nordstrom, Inc.*, Case No. 8:25-cv-02552-FWS-ADS, Dkt. 37 ("First *Nordstrom* Case"), compelling arbitration of Plaintiff's individual wage and hour claims.

Then, on February 17, 2026, Plaintiff filed the Complaint in Orange County Superior Court, pleading a single claim for civil penalties under PAGA with underlying labor code

_____

**CIVIL MINUTES – GENERAL**                                              1

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

### CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00644-FWS-DFM                      Date: May 13, 2026
Title: Tomas Osorio v. Nordstrom Inc.

violations.  (Compl. ¶¶ 36-60.)  One month later, Defendant removed the case to this court, invoking diversity jurisdiction.  (Dkt. 1 at 2 (Notice of Removal) ¶ 1.)

## II.    Legal Standard

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted).  A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction.  28 U.S.C. § 1441(a).  By statute, federal courts have diversity jurisdiction over suits with more than $75,000.00 in controversy if the citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. § 1332(a).  The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If the court determines it lacks subject matter jurisdiction, the action shall be remanded to state court.  28 U.S.C. § 1447(c).  The burden of establishing subject matter jurisdiction falls on the defendant.  *See Gaus*, 980 F.2d at 566.

## III.    Analysis

Plaintiff moves for a court order remanding this case to Orange County Superior Court, arguing that "Defendant has failed to meet its burden of establishing that complete diversity exists between the parties."  (MTR at 8, 14.)  More specifically, Plaintiff argues that "the State of California is the real party in interest in the instant PAGA suit" and "[g]iven that the State is not a 'citizen' for purposes of diversity, complete diversity simply cannot exist."  (*Id.* at 14.)  Defendant responds that diversity of citizenship is satisfied and that courts in the Central District of California "have repeatedly approved the removal of PAGA actions on diversity grounds."[1]  (Dkt. 20 at 11-13.)

---

[1] Defendant argues that the court should deny the Motion to Remand because Plaintiff failed to meet and confer in violation of Local Rule 7-3.  (Dkt. 20 at 10-11.)  The court declines to deny the Motion to Remand under Local Rule 7-3 because Defendant does not argue that it suffers prejudice from the failure to meet and confer and the court has "an independent obligation to

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00644-FWS-DFM                    Date: May 13, 2026
Title: Tomas Osorio v. Nordstrom Inc.

_____

"PAGA authorizes an 'aggrieved employee' to file an action to recover civil penalties for violations of the California Labor Code 'on behalf of himself or herself and other current or former employees.'" *Johnson v. Lowe's Home Centers, LLC*, 93 F.4th 459, 462 (9th Cir. 2024) (quoting Cal. Lab. Code § 2699(a)). California Labor Code Section 2699(m) provides as follows:

> Except as provided in subdivision (n), civil penalties recovered by aggrieved employees shall be distributed as follows: 65 percent to the Labor and Workforce Development Agency for enforcement of labor laws, including the administration of this part, and for education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes; and 35 percent to the aggrieved employees.

Cal. Lab. Code § 2699(m).

In *Canela v. Costco Wholesale Corp.*, the Ninth Circuit stated that it was "unpersuaded that the PAGA action could satisfy the complete diversity element because the State of California was the real party in interest and was not a citizen." 971 F.3d 845, 849 n.1 (9th Cir. 2020) (citing *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013)); *Urbino*, 726 F.3d at 1122-23 ("To the extent [p]laintiff can—and does—assert anything but his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction. The state, as the real party in interest, is not a citizen for diversity purposes." (internal quotation marks omitted)); *but see Archila v. KFC U.S. Props., Inc.*, 420 F. App'x 667, 668 (9th Cir. 2011) ("With regard to the PAGA claims, we hold that the district court properly exercised jurisdiction over the claims. Although California may be a real party in interest to a PAGA action, this does not convert California into an actual party to all PAGA litigation." (citations omitted)). Although the Ninth Circuit did "not address the issue of whether the parties are

_____

determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

_____

Case No. 8:26-cv-00644-FWS-DFM                        Date: May 13, 2026
Title: Tomas Osorio v. Nordstrom Inc.

_____

completely diverse" because "the amount-in-controversy requirement was not satisfied" in *Canela*, 971 F.3d at 849 n.1, the Ninth Circuit stated its thoughts on the issue in *Urbino*.

After the Ninth Circuit's *Canela* decision, district courts "have concluded that cases asserting only a PAGA claim lack diversity because the State of California is the real party in interest." *Penn v. Team Indus. Servs., Inc.*, 2026 WL 751162, at *3 (C.D. Cal. Mar. 17, 2026) (collecting cases). Given that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," the court is persuaded that the court lacks diversity jurisdiction in this case because the Ninth Circuit's language in *Canela* indicated that this would be result, other district courts have reached a similar result, and the fact that Plaintiff is asserting a single PAGA claim. *Gaus*, 980 F.2d at 566; *see also, e.g.*, *Magdaleno v. CCFI Companies, LLC*, 2026 WL 835257, at *5 (E.D. Cal. Mar. 26, 2026) (court was persuaded that the court lacks diversity jurisdiction "at least in cases such as this one where the sole claim asserted is one under PAGA"). Accordingly, the Motion to Remand is **GRANTED**.[2]

## IV.   Disposition

For the reasons stated above, the court **GRANTS** the Motion to Remand and **REMANDS** this case to Orange County Superior Court as case number 30-02026-01547843-CU-OE-CXC. The court **DENIES AS MOOT** the Motion to Stay.

_____

[2] To the extent Defendant requests the court to exercise supplemental jurisdiction over this case because of the First *Nordstrom* Case, the court finds that Defendant fails to adequately demonstrate the court's exercise of supplemental jurisdiction over this case is appropriate.

_____